**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JUSTIN BREE JANUARY, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 08-CV-548-GKF-PJC** |
| ) | |
| **JUSTIN JONES,** ) | |
| ) | |
| **Respondent.** ) | |

<u>**OPINION AND ORDER**</u>

This is a habeas corpus action.  Petitioner is a state inmate and appears *pro se*.  On November 21, 2008, Respondent filed a "Response to Petition for Writ of Habeas Corpus and Partial Motion to Dismiss Based on Untimeliness" (Dkt. #s 11 and 12).  Petitioner filed neither a response to the motion to dismiss nor a reply to the response. Respondent's partial motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitation period on habeas corpus petitions).  For the reasons discussed below, the Court finds that as to claims 1, 2, and 3 of Petitioner's ground 1 and as to ground 3, the petition was not timely filed and Respondent's partial motion to dismiss should be granted.  Petitioner is not entitled to habeas corpus relief on his remaining grounds.  His petition shall be denied.

*BACKGROUND*

Petitioner's claims attack the judgment and sentence entered in Ottawa County District Court, Case No. CF-2003-513. On December 29, 2003, Petitioner, represented by attorney Marilyn Beilke, entered guilty pleas to four (4) counts, as follows: Burglary in the First Degree (felony); Aggravated Assault and Battery (misdemeanor); Domestic Abuse -- Assault and Battery

(misdemeanor); and Malicious Injury to Property (misdemeanor). See Dkt. # 11, Ex. 1. He was sentenced to five (5) years deferred, plus forty-five (45) days in the Ottawa County Jail with credit for time already served, on each count, to be served concurrently.  See id., Ex. 2. On January 8, 2004, the Clerk of Court for Ottawa County docketed a *pro se* letter from Petitioner to the trial court judge indicating a desire to withdraw his pleas of guilty. See id., Ex. 5.  After the matter was set for hearing, Petitioner wrote a second letter indicating he wanted to "accept my guilty plea."  See id., Ex. 7. By Court Minute filed January 27, 2004, see id., Ex. 6, the trial court judge accepted Petitioner's request to withdraw his motion to withdraw guilty pleas.  Petitioner took no further action to withdraw his guilty pleas or to perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

On April 23, 2004, the District Attorney of Ottawa County filed a motion to accelerate deferred judgment, see Dkt. # 11, Ex. 9, alleging the Petitioner had violated the terms and conditions of his probation. Petitioner stipulated to the State's motion and, on May 11, 2004, the trial court entered a Judgment and Sentence on Petitioner's accelerated sentences.[1] Id., Exs. 10 and 11. Despite being advised of his right to appeal, id., Ex. 11, Petitioner failed to appeal the acceleration of his deferred sentences.

On January 6, 2006, the State filed a motion to revoke suspended sentence, again based on allegations that Petitioner had violated the terms and conditions of his probation.  See Dkt. # 11, Ex. 12. On April 21, 2006, the trial court held a hearing on the motion to revoke suspended sentence.

---

[1]The Judgment and Sentence reflects that Petitioner was sentenced as follows: Count 1 -- ten (10) years in the state penitentiary, with all but the first 30 days suspended; Counts 2, 3 and 4 -- one (1) year in the Ottawa County Jail with all but the first 30 days suspended, with all sentences to be served concurrently to each other and concurrently with a separate sentence entered in Ottawa County District Court, Case No. CM-2004-408.

Petitioner, represented by attorney Beilke, stipulated to the violations alleged by the State. On April 25, 2006, the trial court entered Judgment and Sentence on Motion to Revoke Suspended Sentence, id., Ex. 14. Petitioner was ordered to serve six (6) years in custody of the Oklahoma Department of Corrections, with the remainder of his ten-year sentence suspended.

Petitioner appealed the revocation of his suspended sentence to the OCCA.  Represented by attorney Anne Moore, he raised one (1) proposition of error, as follows:

> Proposition     The trial court abused its discretion in revoking six years of appellant's ten-year suspended sentence, and the sentence should be modified accordingly.

(Dkt. # 11, Ex. 15).  By Order filed May 16, 2007, in Case No. RE-2006-476 (id., Ex. 17), the OCCA denied the appeal, finding Petitioner had failed to establish that the trial court judge abused his discretion.

On January 28, 2008, Petitioner filed an application for post-conviction relief in the state district court.  See Dkt. # 11, Ex. 18.  By Order filed February 8, 2008 (Dkt. # 11, Ex. 19), the district court denied post-conviction relief.  Petitioner appealed.  By Order filed May 19, 2008, in Case No. PC-2008-213, the OCCA recognized Petitioner's claims as being that "1) he was denied due process of law during his revocation proceeding, and 2) he was denied equal protection of the law because the trial court did not consider the fact he had not committed any new offense and was homeless." See id., Ex. 21.  The OCCA applied a procedural bar and affirmed the denial of post-conviction relief. See id.

Petitioner filed the instant federal habeas corpus petition on September 17, 2008 (Dkt. # 1). Petitioner identifies his claims as follows:

> Ground 1:     Ineffective assistance.
>     1)     Plea attorney never explained Burg I to me.
>     2)     Plea attorney told me to admit to things that didn't occur because I wanted out of jail.

3

3) Appellate attorney only tried to get my sentence modified but told me I was overcharged for my case. "There's no evidence of Burg I."

4) At my revocation hearing, my attorney cited no cases in my defense. I appealed to the Court of Criminal Appeals but was denied and my motion was barred.

Ground 2: Denied due process in my revocation proceedings.

1) I didn't commit another crime and should've been sanctioned before prison.

2) I didn't get a chance to explain my not reporting. They didn't care that my family was torn apart back in my home state of Louisiana.

3) The matrix that was implemented for technical violations wasn't considered.

Ground 3: 85% Rule was not told to me.

1) Didn't know about the 85% law until I went for revocation.

2) I asked the attorney about my case before my revocation hearing and the 85% Rule and she said, "yes, it's an eighty-five percenter." I should've been told before then.

(Dkt. # 1).  As stated above, Respondent has responded to the petition, arguing that parts of ground 1 and all of ground 3 are barred by the statute of limitations, that Petitioner is not entitled to habeas relief on ground 2, and that the remaining part of ground 1 is unexhausted, but procedurally barred.

## *ANALYSIS*

### A.  Claims 1, 2, and 3 of ground 1 and ground 3 are time-barred

The AEDPA, enacted April 24, 1996, established a one-year limitation period for habeas corpus petitions as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to claims 1, 2, and 3 of ground 1 leads to the conclusion that those claims were not raised until after the expiration of the one-year limitation period. Those claims all relate to the validity of Petitioner's guilty pleas entered in Case No. CF-2003-513, on December 29, 2003. Petitioner's convictions became final, pursuant to § 2244(d)(1)(A), when a *certiorari* appeal became foreclosed. Cf. Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). In this case, Petitioner became foreclosed from pursuing a *certiorari* appeal when, on January 27, 2004, the trial court accepted his request to withdraw his motion to withdraw pleas.  As a result, his one-year limitations clock for any claim challenging the validity of his guilty pleas, including the claims identified above, began to run on January 27, 2004. Absent a tolling event, a federal petition for writ

of habeas corpus filed after January 27, 2005, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek post-conviction relief during the relevant period. Petitioner's application for post-conviction relief raised claims related to the revocation of Petitioner's suspended sentences and was not filed until January 28, 2008, or three (3) full years after the January 27, 2005, deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period does not toll the limitations period.  Therefore, the claims challenging the validity of Petitioner's guilty pleas, as identified above, appear to be untimely.

In ground 3 of the petition, Petitioner complains that he was not informed of the applicability of Oklahoma's 85% Rule[2] when he entered his plea of guilty to First Degree Burglary.  He states that he "didn't know about the 85% law until I went for revocation."  Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[2]Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections.  Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed."  Okla. Stat. tit. 21, § 12.1.

diligence." Based on Petitioner's acknowledgment that he learned of this claim at the time of his revocation hearing, the Court finds that the latest date of accrual was April 21, 2006, when the state district court held a hearing on the State's motion to revoke suspended sentence. The claim was not raised on either revocation appeal or by Petitioner in his application for post-conviction relief and, as a result, is unexhausted. Furthermore, the pendency of the post-conviction proceeding does not toll the one-year period because the claim concerning the 85% Rule was not raised in the application for post-conviction relief. As a result, Petitioner had one year from the date of the revocation hearing, or until April 21, 2007, to raise a habeas claim based on the 85% Rule. The claim was not raised until Petitioner filed his habeas petition on September 17, 2008. Therefore, the claim appears to be untimely.

Petitioner did not file a response to the motion to dismiss filed by Respondent. The Court recognizes that although § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner makes no argument suggesting he is entitled to equitable tolling. Nothing in the record suggests that Petitioner is entitled to statutory or equitable tolling of the limitations period. See id. (finding that a habeas petitioner must pursue his federal claims diligently to be entitled to equitable tolling). Therefore, the Court concludes that Respondent's partial motion to dismiss should be granted and Petitioner's claims 1, 2, and 3 of ground 1 and ground 3 should be dismissed with prejudice as time barred.

In the fourth claim of ground 1 and in ground 2, Petitioner challenges the validity of his revocation proceeding. As indicated above, the OCCA denied relief on Petitioner's revocation appeal on May 16, 2007. Thus, Petitioner's revoked sentence became final under the AEDPA on May 16, 2007, and he had until May 16, 2008, to file a timely habeas corpus petition. See Fields

v. Ward, 165 Fed.Appx. 644 (10th Cir. Feb. 2, 2006) (unpublished) (finding a revocation hearing became final when OCCA issued order affirming the revocation of a petitioner's suspended sentences). However, Petitioner filed an application for post-conviction relief during the one-year limitations period. As a result, the one-year limitations period was tolled from January 28, 2008, through May 19, 2008, or for 137 days, during the pendency of the post-conviction proceeding. Petitioner's habeas deadline for challenging the revocation proceeding was extended 137 days beyond May 16, 2008, or until September 30, 2008. Therefore, the claims challenging the revocation raised by Petitioner in his petition for writ of habeas corpus filed September 17, 2008, are timely. Nonetheless, for the reasons discussed below, Petitioner is not entitled to habeas corpus relief on those claims.

## B. Excessive sentence

Respondent credits Petitioner with alleging that the partial revocation of his ten year sentence on the burglary conviction, requiring him to serve six (6) years in custody with the balance of his sentence suspended, resulted in an excessive sentence. See Dkt. # 11. Petitioner raised that claim in his revocation appeal. The OCCA, however, rejected the claim, finding as follows:

> The District Court had the authority to revoke Appellant's suspended sentence in whole or in part. 22 O.S.2001, § 991b(D). It is well settled that the decision of the trial court to revoke a suspended sentence in whole or in part lies within the sound discretion of the trial court, and that decision will not be interfered with absent an abuse thereof. *Harris v. State*, 1989 OK CR 10, ¶3, 772 P.2d 1329, 1330.
>
> Appellant argues that Judge Haney only found one violation of probation, his failure to report for four months, and that it is excessive to revoke six years of Appellant's suspended sentence for that violation when he had successfully completed sixteen months of probation. Judge Haney considered evidence that Appellant had committed all of the violations of probation alleged in the motion to revoke suspended sentence. Moreover, Appellant had not successfully completed sixteen months of probation because some of his violations had accumulated over that period. Appellant had previously failed when given probationary opportunities,

8

and there was little to suggest he would be successful in the future. He has not established Judge Haney abused his discretion.  *Harris*, *supra*.

(Dkt. # 11, Ex. 17).

Although Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254, there is Tenth Circuit precedent for construing his claims directed to the revocation proceeding as a 28 U.S.C. § 2241 petition. See Stoltz v. Sanders, Nos. 00-6188, 00-6288, 2000 WL 1730894 (10th Cir. Nov. 22, 2000) (unpublished) (holding petitioner's challenge to revocation of his suspended sentence challenged execution of his sentence, rather than its validity, and was therefore construed as petition filed under 28 U.S.C. § 2241). However, in other unpublished decisions, the Tenth Circuit has not distinguished a petition challenging a state revocation proceeding as a 28 U.S.C. § 2241 petition and has analyzed the petitions under 28 U.S.C. § 2254. See Morales v. Jones, 2009 WL 2244899, *3 (W.D. Okla. July 27, 2009) (accumulating list of Tenth Circuit cases). Although not entirely clear, the weight of authority seems to favor application of the well-established deferential standard of review prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") with respect to habeas petitions challenging the revocation of a suspended sentence. See id. (citing Lowe v. Dinwiddie, 163 Fed.Appx. 747, 748 (10th Cir. Jan. 19, 2006) (holding "AEDPA's provisions apply to this case" challenging imposition of suspended sentence following revocation of that sentence); Lynch v. O'Dell, 163 Fed.Appx. 704, 706 (10th Cir. Jan. 18, 2006) (applying AEDPA standard of review to issue of sufficiency of the evidence to support revocation of state prisoner's sentence)).

Under the AEDPA standard, Petitioner must show that the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2);

<u>Williams v. Taylor</u>, 529 U.S. 362, 402 (2000); <u>Neill v. Gibson</u>, 278 F.3d 1044, 1050-51 (10th Cir.

2001).  Petitioner has not made the necessary showing.  First, sentencing issues are state law

questions and are generally not cognizable on federal habeas review unless it is shown the sentence

is "outside the statutory limits or unauthorized by law." <u>Dennis v. Poppel</u>, 222 F.3d 1245, 1258 (10th

Cir. 2000); <u>Hawkins v. Hargett</u>, 200 F.3d 1279, 1281 (10th Cir. 1999). Petitioner does not allege that

his sentences were outside the statutory range. Upon revocation, Petitioner was sentenced to serve

six (6) years in custody on the First Degree Burglary conviction, with the remainder of his ten (10)

year sentence suspended.  The crime of First Degree Burglary carries a maximum sentence of twenty

(20) years. <u>See</u> Okla. Stat. tit. 21, § 1436(1) (setting punishment for burglary in the first degree at

"not less than seven (7) years nor more than twenty (20) years"). Petitioner has failed to show why

his sentence is unauthorized by law or outside the statutory limits. The burden is Petitioner's. <u>See</u>

<u>Dennis</u>, 222 F.3d at 1258. In addition, Petitioner's sentence is not grossly disproportionate in

relation to his crime. <u>See</u> <u>Hawkins</u>, 200 F.3d at 1282. Furthermore, the Court agrees with the

OCCA's finding that Petitioner's resentencing, resulting in the imposition of the six (6) term of

imprisonment, was unquestionably the product of Petitioner's repeated violations of the terms of his

probation.  The fact that the state district court revoked a portion of his accelerated sentence does

not amount to a violation of a constitutional right. There was no clear violation of any constitutional

right as established by the Supreme Court. See 28 U.S.C. § 2254(d)(1).

**C.  Procedural Bar (claim 4 of ground 1 and ground 2)**

Upon review of the record, the Court finds that the remainder of Petitioner's claims challenge

the revocation of his suspended sentences and were either presented to the state courts for the first

time in post-conviction proceeding or have never been presented to the state courts.  As to

10

Petitioner's claims that he was denied due process and equal protection of the laws during his revocation proceeding (claims 1 and 3 of ground 2), the OCCA imposed a procedural bar on the claims first raised on post-conviction appeal, finding that:

> . . . any issue that could have been previously raised, but was not, is waived, and may not be the basis of a subsequent post-conviction application.  22 O.S.2001, § 1086; Rules 2.1(B) & 4.2 (A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2007).  We find Petitioner's current claims could have been raised on direct appeal and are therefore barred by the doctrine of waiver.

(Dkt. # 11, Ex. 21).  Petitioner has never presented to the state courts his allegations that (1) his attorney failed to cite cases in his defense at the revocation hearing (claim 4 of ground 1), or (2) he was not afforded the opportunity during the revocation hearing to explain his failure to report to his probation officer (claim 2 of ground 2).  As a result, those claims are unexhausted and may not provide a basis for federal habeas corpus relief.  However, it would be futile to require Petitioner to return to state court to exhaust these claims by filing a second application for post-conviction relief because the state courts would undoubtedly deny relief based on imposition of a procedural bar.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 724; see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A finding of procedural default is

an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id.
(quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

Applying the principles of procedural default to these facts, the Court concludes Petitioner's
claims are procedurally barred from federal habeas corpus review. In refusing to consider
Petitioner's claims raised on post-conviction appeal, the OCCA imposed a procedural bar and
specifically cited to Petitioner's failure to comply Okla. Stat. tit. 22, § 1086, as well as with Rules
2.1(B) and 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 11, Ex. 21.  The
anticipatory procedural bar applicable to Petitioner's unexhausted claims would be based on the
same state law. The state court's procedural bar was an "independent" ground because Petitioner's
failure to comply with state procedural rules was "the exclusive basis for the state court's holding."
Maes, 46 F.3d at 985.  Additionally, the procedural bar was an "adequate" state ground and bars
federal habeas review.  Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008).

Because of the independent and adequate procedural bar imposed on Petitioner's claims in
state court, this Court may not consider Petitioner's federal claims unless he is able to show cause
and prejudice for the defaults, or demonstrate that a fundamental miscarriage of justice would result
if his claims are not considered.  See Coleman, 501 U.S. at 750.  The cause standard requires a
petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply
with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such
external factors include the discovery of new evidence, a change in the law, and interference by state
officials. Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors
of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental

12

miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition, Petitioner attributes his failure to raise these claims on revocation appeal to ineffective assistance of his appellate counsel (Dkt. # 1). It is well established that, in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. Id. Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted, and, unless the state prisoner can satisfy the "cause and prejudice" standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).

Petitioner did not present a separate claim of ineffective assistance of appellate counsel to the state district court in his application for post-conviction relief. He does not offer an explanation for his failure to raise the claim in his application for post-conviction relief and has not demonstrated cause and prejudice for the procedural default of his ineffective assistance of appellate counsel claim. As a result, his claim of ineffective assistance of appellate counsel is itself procedurally barred and cannot serve as cause to overcome the procedural bar applicable to Petitioner's defaulted claims. Edwards, 529 U.S. at 453.

13

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner does not assert that he is actually innocent of the violations of the terms of his probation to which he stipulated. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claim 4 of ground 1 and ground 2.  Coleman, 510 U.S. at 724. Habeas corpus relief on those claims shall be denied.

14

*CONCLUSION*

As to claims 1, 2, and 3 of ground 1 and ground 3 as raised in the petition, Petitioner failed to file his petition for writ of habeas corpus within the one-year limitation period.  Respondent's partial motion to dismiss for failure to file within the limitation period as to those grounds should be granted.  Petitioner is not entitled to habeas corpus relief on his remaining claims. The petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      The petition for writ of habeas corpus (Dkt. # 1) is **denied**, as follows:

      a.      Respondent's partial motion to dismiss based on untimeliness (Dkt. # 12) is **granted**. Claims 1, 2, and 3 of ground 1 and ground 3 are **dismissed with prejudice** as time-barred.

      b.      Petitioner's request for habeas corpus relief based on claim 4 of ground 1 and ground 2 is **denied**.

2.      A separate judgment shall be entered in this case.

DATED THIS 10th  day of August, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

15